UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NATHANIEL UTLEY,

    Petitioner,

    v.                                 CAUSE NO.: 3:19-CV-277-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Nathaniel Utley, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Indiana State Prison (ISP 18-05-179), in which he was found guilty of possessing a cellular device in violation of Indiana Department of Correction ("IDOC") disciplinary offense A-121. (ECF 2.) Among other sanctions, he lost 90 days of earned-timed credits and received a credit-class demotion. (*Id*.)

The charges were initiated on May 12, 2018, when Sergeant T. Nelson wrote a conduct report stating as follows:

> On 5/12/2018 at approx.. 7:15am I Sgt. T. Nelson conducted a pat search of Offender Utley, Nathaniel DOC#220620. As I Sgt. T. Nelson as I was instructing Ofd. Utley to empty his pockets he moved an item from his front pocket to his back pocket. I Sgt. Nelson asked Ofc. Tapia to confirm that an item was in his back pocket and Ofc. Tapia indicated that he had an item in the pocked. When I Sgt. Nelson searched the pocket I found an plastic bag containing an Cell Phone watch and the instructions to activate the watch and the number that is assigned to it. I Sgt. Nelson then confiscated the item and placed it in I&I locker #3.

(ECF 9-1) (errors in original). A notice of confiscated property form was completed and photos taken of the phone. (ECF 9-2; 9-3.)

On March 15, 2018, Mr. Utley was formally notified of the charge. (ECF 9-4.) He pled not guilty and requested a lay advocate, and one was appointed for him. (ECF 9-4; ECF 9-5.) He did not request any witnesses or any physical evidence at the time of screening. (ECF 9-4.) Later that day, however, he submitted two "request for interview" forms asking for camera footage of the incident and a witness statement from Officer E. Tapia. (ECF 9-6; ECF 9-7.) He also submitted a "request for interview" form asking for "Sergeant Nelson as a witness" to explain "what was his cause for following me to conduct a pat-down?" (ECF 9-8.) Mr. Utley also wanted to ask Sergeant Nelson "why had he not pulled me into his checkpoint as soon as I passed him on the walk." (*Id.*) Prior to the hearing, the video was viewed by the hearing officer, who summarized it as follows: "Video shows CR writer enter Custody Hall @ 7:21am (appears to have an item in hand. He enters the office & then @ 7:22am he walks to the area of I & I evidence lockers. No other information to CR[.]" (ECF 9-9) (errors in original). A statement was also obtained from Officer Tapia, who stated as follows:

> I was at the entrance of E-dorm when J3-Utley approached me, he was followed by Sgt. Ofc. Nelson (check point) who stopped and patted him down. Ofc. Nelson and myself both saw him slipp a bag into his back pocket. It was confiscated by Ofc. Nelson[.]

(ECF 9-10) (errors in original).

On May 17, 2018, a hearing was held on the charge. (ECF 9-11.) Mr. Utley stated as follows in his defense: "I wasn't in possession of a cell phone. He didn't pat me

2

down. I want a copy of all evidence & appeal forms & a grievance." (*Id.*) Based on the conduct report, the photos, and the video evidence, the hearing officer found Mr. Utley guilty. (*Id.*) He lost 90 days of earned-time credits and received a credit-class demotion. (*Id.*) His administrative appeals were denied. (ECF 9-13; ECF 9-14.)

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition, Mr. Utley claims that he was denied the opportunity to call witnesses and present evidence in his defense. (ECF 2 at 2.) He further claims that he was "found guilty by no evidence that held any probative value." (*Id.* at 4.)

Turning first to the sufficiency of the evidence, there only needs to be "some evidence" to support the hearing officer's decision to satisfy due process. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

3

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Mr. Utley was found guilty of violating A-121, which prohibits possession of a cellular device. The conduct report and the statement of Officer Tapia provide sufficient evidence that Mr. Utley possessed a cellular device on the date in question. Although Mr. Utley protests that he is innocent, it is not the province of this court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652.

His remaining claim is that he was denied the right to present witnesses and evidence in his defense. (ECF 2 at 4.) The record reflects that he did not request any evidence at screening, and that he signed the form indicating that the did not wish to call any witnesses or present any physical evidence. (ECF 9-4.) He later requested certain evidence by filling out "request for interview" forms, but it is not clear that this was a proper method of requesting evidence for a disciplinary hearing. The prison cannot be faulted for failing to obtain evidence he did not properly request. *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997); *Miller v. Duckworth*, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992). Nevertheless, prison staff did comply with these requests. Mr. Utley requested a witness statement from Officer Tapia, which was obtained and considered. (ECF 9-10.) He also requested video evidence, which was viewed and considered by the hearing officer. (ECF 9-9; ECF 9-11.) He has not demonstrated a due process error in this regard.

He complains that the surveillance video was not turned over to him, but he did not have a right to personally review all the evidence considered by the hearing officer.

4

*White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). That is because "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *Id.* The Seventh Circuit has recognized that disclosing surveillance videos to inmates entails particular security risks. *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003). Specifically, the prison has a "bona fide security justification for non-disclosure," because viewing the video "might allow the inmate to learn the location and capabilities of the prison surveillance system, thus allowing him to avoid detection in the future." *Jones v. Cross*, 637 F.3d 841, 848-49 (7th Cir. 2011). The court has reviewed the confidential video submitted by the respondent, and concludes that its disclosure to Mr. Utley could comprise prison security for the reasons articulated by the Seventh Circuit. Nor does the video contain anything exculpating Mr. Utley from the charge.

To the extent Mr. Utley is complaining that Sergeant Nelson was not called as a live witness at the hearing (ECF 16), the hearing officer considered Sergeant Nelson's written report, and Mr. Utley had no due process right to confront or cross-examine him in person. *See Wolff*, 418 U.S. at 567–68; *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Additionally, it appears he wanted to question Sergeant Nelson about why he stopped him in the first place, but evidence about Sergeant Nelson's reasons for conducting the search would not have directly undercut the evidence in the record showing that Mr. Utley was in possession of a cellular device. *See Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992).

5

For these reasons, the court DENIES the habeas corpus petition (ECF 2), and DIRECTS the clerk to enter judgment in this case.

SO ORDERED on August 26, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT